# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| EDUARDO MENCHACHA-ESTRADA,<br><br>               Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17CV831DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Synchrony Bank's Motion to Stay Proceedings Pending Ruling By the D.C. Circuit Court of Appeals. The motion is fully briefed and neither party has requested oral argument on the motion. The court also finds that oral argument would not significantly aid in the determination of the motion. Accordingly, the court enters the following order based on the memoranda submitted by the parties and the law and facts relevant to the motion.

BACKGROUND

Plaintiff in this action seeks to recover $500 to $1500 per call under the Telephone Consumer Protection Act ("TCPA") on the basis that Synchrony allegedly placed calls to Plaintiff's cell phone using an "automatic telephone dialing system" without Plaintiff's consent. On July 10, 2015, the Federal Communications Commission ("FCC") issued an order interpreting the term "automatic telephone dialing system" under the TCPA. Under the Hobbs Act, 47 U.S.C. § 402, the FCC's ruling is binding on all federal district courts nationwide and can only be overturned by a federal court of appeals. A consolidated appeal in *ACA International*

*v. Federal Communications Commission*, Case No. 15-1211 is currently pending before the D.C. Circuit with respect to the scope of the statutory definition of an "automatic telephone dialing system. The consolidated appeal before the D.C. Circuit had oral argument on October 19, 2016. Because it has been under advisement for over a year, a ruling is expected soon.

DISCUSSION

Defendant asks this court to stay the present action until the D.C. Circuit rules on the pending consolidated appeal regarding the definition of "automatic telephone dialing system." This court has discretion as to whether it will stay the current action. *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 255. "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* A court usually considers factors such as "(1) whether granting a stay would likely simplify the issues before the court; (2) the stage of the litigation; and (3) a balancing of prejudice to the parties." *Lifetime Prod. Inc. v. Russell Brands, LLC*, No. 1:12cv26DN, 2013 WL 5408458, at *2 (D. Utah Sept. 25, 2013).

Defendant argues that the D.C. Circuit's ruling will be binding on all district courts nationwide and it may extinguish or significantly curtail Plaintiff's claims. At the very least, Defendant claims that the D.C. Circuit ruling will dictate the scope of the issues and discovery needed in this case. Defendants cite to dozens of courts nationwide that have stayed similar TCPA suits pending the D.C. Circuit's ruling in the consolidated appeal.

Plaintiff, however, argues that the delay will cause substantial prejudice his ability

to adjudicate his case properly, especially if an appeal is taken to the United States Supreme Court. However, the consolidated appeal has been under advisement for over a year and Defendant is not seeking an appeal pending a decision by the Supreme Court. The court agrees with the courts that have concluded that a stay will "conserve the resources of the parties and the court while avoiding the wasted effort that may be involved in proceeding under an uncertain legal framework." *See, e.g., Maksymowski v. Navient Sols., Inc.*, No. 15-14368, 2017 WL 486941, at *1 (E.D. Mich. Jan. 12, 2017). Given that a ruling is likely imminent, the court finds no appreciable prejudice to Plaintiff. Moreover, if the D.C. Circuit does not issue a decision within nine months, Plaintiff can move to lift the stay.

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Stay is GRANTED. All proceedings in this case are stayed pending a ruling in *ACA International v. Federal Communications Commission*, Case No. 15-1211. The Initial Pretrial Conference set for December 13, 2017, before Magistrate Judge Furse is vacated.

DATED this 30th day of October, 2013.

BY THE COURT:

DALE A. KIMBALL
United States District Judge